UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW PERDIGON,

                Plaintiff,

    -against-

UNITED STATES, et al.,

                Defendants.

23-CV-1828 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        On March 2, 2023, Plaintiff filed this action *pro se*, seeking to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) Without direction from the court, Plaintiff filed an amended complaint on March 9, 2023. (ECF No. 4.) Plaintiff asserts claims against the United States, United States Attorney General Merrick Garland, the Federal Bureau of Investigation, New York State Attorney General Leticia James, New York City Mayor Eric Adams, Apple, Inc., 44th Street Development LLC, Gotham West Affordable LLC, Gotham Organization, Inc., Lenox Hill Radiology, 26 individuals, many of whom are related to Plaintiff, including Plaintiff's mother and father, three unknown police officers, unknown deputy sheriffs, and unknown "co-conspirators." (*Id.* at 1.) Plaintiff describes the individuals collectively as "the 'Circle,' daily operators of telepathic technologies." (*Id.* at 2.) He alleges, *inter alia*, that

> It is circumstantially known to the Plaintiff that because of his unique ability to broadcast his thoughts, his ability is responsible for biological data of immense value which is tied to his person through copyright which others have gone to great lengths to keep from him.

(*Id.*)

        He alleges further that

> Starting sixteen (16) years ago, the Plaintiff experienced and since has come to terms with the fact that he is a telepathic human being, capable of broadcasting his thoughts exceptionally, via electronic brain signal transmissions

("brainwaves") in a way that can be transmitted and received over great distances, received and synthesized by brain-to-computer interfaces ("B.C.I") and other applications which allow those operating requisite technology, and any audience they redistribute it to, to hear and/or read the Plaintiff's discrete thoughts as words, a form of technology assisted telepathy.

(*Id.* at 12.)

Plaintiff filed a motion seeking reconsideration of the Court's denial of his request to proceed IFP, (ECF No. 8), and a motion for emergency relief, (ECF No. 9.) For the reasons set forth below, the Court denies Plaintiff's motions.

## DISCUSSION

**A.     Motion for Reconsideration**

Because Plaintiff's IFP application showed that he has sufficient assets to pay the filing fees, on March 13, 2023, the Court denied Plaintiff's request to proceed IFP and directed Plaintiff to pay $402.00 in fees – a $350.00 filing fee and a $52.00 administrative fee – within 30 days of the date of that order. (ECF No. 5.)

Plaintiff paid the filing fees on March 20, 2023, but he also filed a motion requesting that the Court "[r]e-examine plaintiff's IFP application, with consideration given to Doc #6 on ECF affirmation/financial affidavit." (ECF No. 8 at 1.) The Court liberally construes the submission as a motion seeking reconsideration from a district court's order or judgment under Fed. R. Civ. P. 60(b), and a motion for reconsideration under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted).

2

A party who moves to reconsider or reargue a court order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the Court's denial of Plaintiff's request to proceed IFP.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Plaintiff's submissions make clear that he has sufficient assets to pay the filing fees. The Court therefore denies Plaintiff's motion for reconsideration. Plaintiff's request to proceed IFP remains properly denied.

**B.     Motion for Emergency Relief**

On April 12, 2023, Plaintiff filed a motion for emergency relief and an affidavit in support of his motion (ECF Nos. 9, 10), seeking, *inter alia*, to have this Court: (1) issue an arrest warrant for 15 of the individuals named as Defendants in this action; (2) order medical treatment for Plaintiff by medical providers of Plaintiff's choosing; (3) order emergency surgery, if needed and when elected by plaintiff, to remove objects thought to have been placed within Plaintiff's body should there be any following imaging; and (4) order the seal of any medical records or findings Plaintiff chooses to introduce to the court as evidence. (ECF No. 9 at 3-4.)

Plaintiff's request for preliminary emergency injunctive relief is also denied. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v.*

4

*Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The facts alleged do not suggest that Plaintiff states a valid claim against Defendants. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for emergency relief is denied.

If Plaintiff does not wish to proceed with this action because his request to proceed IFP remains properly denied, he must inform the Court in writing within 30 days of the date of this order. If Plaintiff informs the Court, within 30 days of the date of this order, that he does not wish to proceed with this action, the Court will direct the Finance Unit to return the filing fees to Plaintiff and close this action. If Plaintiff intends to proceed with his action, he will be responsible, should the court issue summonses and order service on Defendants, for any necessary fees for service on Defendants.

## CONCLUSION

Plaintiff's request for reconsideration (ECF No. 8) is denied.

Plaintiff's request for emergency relief (ECF No. 9) is also denied.

Plaintiff must inform the Court in writing, within 30 days of the date of this order, whether he intends to proceed with this action in light of the denial of his request to proceed IFP.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 1, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                           Chief United States District Judge