UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW PERDIGON,

               Plaintiff,

               -against-

UNITED STATES; MERRICK GARLAND, U.S.
ATTORNEY GENERAL; FEDERAL BUREAU OF
INVESTIGATION; LETICIA JAMES, N.Y.S ATTORNEY
GENERAL; ERIC ADAMS, N.Y.C. MAYOR; UNKNOWN
N.Y.P.D. OFFICERS FROM THREE (3) RAIDS ON
PLAINTIFF'S HOME; UNKNOWN DEPUTY SHERIFFS
WHO TOOK PLAINTIFF INTO CUSTODY; APPLE INC.;
44TH STREET DEVELOPMENT LLC; GOTHAM WEST
AFFORDABLE LLC; GOTHAM ORGANIZATION INC.;
LENOX HILL RADIOLOGY; AMY PINSKY; AUDREY
PERDIGON MAHONEY; ORLANDO PERDIGON;
GABRIEL CALDERON; JORGE LUIS CALDERON;
ORLANDO F. PERDIGON; ADRIANA CALDERON;
LILIA CALDERON; CHRISTOPHER SCHRIER;
MICHAEL H. BASS; EDWIN FIGUEROA; VINCENT
GUIDA; BRAD DILLON COFFMAN; STEPHEN R.
HUNTER; BRENDAN M. MACFADGEN; ZAIDA E.
PERDIGON; and UNKNOWN CO-CONSPIRATORS,

               Defendants.

23-CV-1828 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action asserting violations of his rights

under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. § 1985, and

various federal criminal statutes.[1] By order dated March 13, 2023, the Court denied Plaintiff's

request to proceed *in forma pauperis* ("IFP"). (ECF No. 5) Plaintiff paid the filing fees on March

20, 2023, and on March 26, 2023, he filed a motion seeking reconsideration of the Court's March

---

[1] Plaintiff filed this action on March 2, 2023, and seven days later, without direction from
the court, he filed an amended complaint. Plaintiff's amended complaint is the operative
pleading.

13, 2023 order denying his request to proceed IFP. (ECF No. 8.) On April 12, 2023, Plaintiff

filed a motion for emergency relief. By order dated May 1, 2023, the Court denied Plaintiff's

request for reconsideration and emergency relief. (ECF No. 11.)

For the reasons set forth in this order, the Court dismisses Plaintiff's criminal enterprise,

conspiracy, and racketeering claims against all named Defendants, but grants Plaintiff 60 days'

leave to replead **solely** with respect to his claims that officers of the New York City Police

Department ("NYPD") entered his home without a warrant on three occasions, and that three

deputies from the Office of the Sheriff of the City of New York took him into custody and

falsely imprisoned him in a hospital.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint

sua sponte for failure to state a claim," *Leonhard v. United States*, 633 F.2d 599, 609 n. 11 (2d

Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v.

Scully*, 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz*, 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v.

Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and

citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Andrew Perdigon, who resides in Manhattan, brings this complaint alleging that Defendants are engaged in a criminal enterprise that focuses on Plaintiff's unique telepathic abilities which are "responsible for biological data of immense value which is tied to his person through copyright which others have gone to great lengths to keep from him." (ECF No. 4 at 2.). He sues the United States, U.S. Attorney General Merrick Garland, the Federal Bureau of Investigation ("F.B.I."), N.Y.S. Attorney General Letitia James, N.Y.C. Mayor Eric Adams,

Unknown NYPD Officers, Unknown Deputy Sheriffs, Apple, Inc., 44th Street Gotham Development LLC, Gotham West Affordable LLC, Gotham Organization Inc., Lenox Hill Radiology, and private individuals which include members of his family, including his parents, and former friends. Plaintiff refers to the group of family members and former friends collectively as the "Circle." (*Id.*) He asserts that they are "daily operators of telepathic technologies." (*Id.*)

> Plaintiff alleges
>
> Starting sixteen (16) year ago, the Plaintiff experienced and since has come to terms with the fact that he is a telepathic human being, capable of broadcasting his thoughts exceptionally, via electronic brain signal transmissions ("brainwaves") in a way that can be transmitted and received over great distances, received and synthesized by brain-to-computer interfaces ("B.C.I") and other applications which allow those operating requisite technology, and any audience they redistribute it to, to hear and/or read the Plaintiff's discrete thoughts as words, a form of technology assisted telepathy. In essence, the Plaintiff's brain and/or mind is connected to electronic communication channels and/or the internet, across borders and stimulating commerce, using technologies that have been developed and trained for this use from what is otherwise a radio frequency signal. The Plaintiff has not confirmed the existence of any implants within his body, despite trying to do so with medical professions, nor has not undergone any brain surgeries to implant any such device, however he is seeking information on all things related to this technology-enabled telepathy via these proceedings, by Court order if necessary. The Plaintiff's brain is also capable of receiving what he describes and which he believes are affixed to radio frequencies (RF) his brain can receive – all together this two-way channel is considered "telepathy". These transmissions make fluid conversation between the Plaintiff and others who are equipped with and/or operating the requisite technologies; for his own part, the Plaintiff can communicate using only his thoughts, along with verbal expressions, in these communications. Also possible, known to the Plaintiff given frequent interactions, is the receipt by others of transmissions of other data and/or output from the Plaintiff's body and/or mind, the data of immense value referenced, that contains information on biological processes and cognitive expressions from the Plaintiff and/or his consciousness(es), psyche, mind, and the like, by those with requisite technologies.

(*Id.* at 12.)

Plaintiff describes the Circle as

> his abusers, based on the relationships once had, their voices, patterns of
> bullying/abuse, jokes that they used to offset the psychological torture, the
> variation being a component of the reprogramming itself, from common
> references to movies and TV programs, and the occasional reference their
> spouses/partners/friends known to the Plaintiff.

(*Id.* at 13.)

He asserts that the Circle

> is staffed by multiple individuals at all hours of the day. Their disturbance to the
> Plaintiff's tranquility and focus while doing work is far more pronounced when he
> is at home. They use a remote connection to cause a high-pitched noise, and to
> activate EMF radiating objects which has been used at levels strong enough to
> induce cancer. These are specifically used as punitive measures by the Circle.
> There are also public announcement-type speakers on top of nearby buildings
> used by the Circle, to blast messages across an entire neighborhood in order to
> simulate total dominance over the area which the Plaintiff lives. The building in
> which the Plaintiff lives has a speaker in its awning as well and can unlock the
> front door on approach.

(*Id.* at 14.)

Plaintiff accuses his father, Orlando F. Perdigon, of embarking on a campaign to label

Plaintiff as "crazy" and "a drug addict." (*Id.* at 16.) He asserts that between 2021 and 2023, his

father placed a minimum of 21 phone calls to medical providers, landlords, police officers, and

others to spread inaccurate information disguised as fatherly concern. (*Id.*) Plaintiff accuses the

Circle of terrorizing him and his dog daily. (*Id.* at 18.) He alleges that he is

> placed under intense emotional distress by the Circle every day, specifically by
> his brother Orlando, sister Audrey, cousin Adriana, cousin Gabriel, cousin Jorge,
> and Aunt Lilia of late. When dialogue goes both ways, it is helpful then
> aggressive, a bit of empathy then a patronizing choir. This group has a monopoly
> on the biological data and it's uses/study, and the sophisticated tools they use are
> what draws out the data of the Plaintiff's phones and laptop.

(*Id.*)

5

Plaintiff asserts that Defendants, "especially the Circle, work to create turmoil, to coerce anger and frustration by torturing him in ways that leave little evidence, although there doesn't seem to be anyone wanting to know about it." (*Id.*)

Plaintiff asserts claims against his landlords – 44th Street Development LLC, Gotham West Affordable LLC, and Gotham Organization LLC – for enabling the Circle's stalking of him. Plaintiff states that "[b]uilding surveillance equipment surrounds his apartment's windows and doors." (*Id.* at 19.) He states further that "[c]oncealed audio speakers inside the Plaintiff's home/walls play sounds so faint that they are often subliminal – at times there is clear audio coming out, and the voices of the defendants he is familiar with can be detected." (*Id.*)

Plaintiff alleges that when he began using Apple products in 2008, around the time he had his first telepathic episode, Defendants, including Apple,

> began their mobile device, computer, and telepathic transmissions collection campaign, knowingly seizing an unprecedented swath of data to digitize a human being's experience. The activities by Apple, over the duration of their collection of pirated Data and Works, were willful infringements undertaken for purposes of obtaining a commercial advantage. Apple has been violating the Plaintiff's rights while benefitting from corporate personhood themselves, engaged in acts of effective slavery and fraud in connection with computers, both violations of R.I.C.O., spanning the course of at least sixteen (16) years, during which time Apple became the most valuable company in the world.

(*Id.* at 20.)

Plaintiff states that he sent at least eleven emails to New York State Attorney General Leticia James regarding his rights being violated, and he seeks to assert a negligence claim against her for "failing to use her platform and position to stand up to known rights violations against the Plaintiff." (*Id.* at 22.) He also asserts a claim against New York City Mayor Eric Adams for proposing a policy that "sought to take freedoms away from New Yorkers, giving the N.Y.P.D. the discretion to deem New Yorkers mentally ill and take them into custody. Plaintiff asserts that it was "in this climate that injustice by the N.Y.P.D. was perpetrated against [him]."

(*Id.*) Plaintiff asserts a claim against the F.B.I. because its "reporting channels have not resolved the issues Plaintiff has been facing." (*Id.* at 23.) He states that since July 2022, he has placed approximately eight phone calls to the F.B.I., and agents hung up on him. (*Id.*) Plaintiff states further that the FCC and other agencies of the United States federal, state, and local governments seek to "prevent the acknowledgement of the Plaintiff for his telepathic ability and his role in certain noteworthy events." (*Id.* at 24.)

Plaintiff accuses the staff of Lenox Hill Radiology of hiding MRI imaging results from an August 2022 test. He asserts that the imaging showed "[a] white, specked ring around the Plaintiff's head, external to his skull." (*Id.*) Plaintiff sought but could not obtain information from Lenox Hill Radiology, in radiology forums, and through his other online research. He asserts that "[t]ied to his experiencing telepathic communications, the ring in the images looks like energy being emitted uniformly." (*Id.*) He alleges that Lenox Hill Radiology's actions constitute fraudulent concealment and malpractice.

Plaintiff alleges that on September 8, 2022, three deputies from the "Office of the Sheriff of the City of New York" took him into custody and falsely imprisoned him in a hospital. (*Id.*). He asserts that there was warrant from the New York County Supreme Court, but he alleges that the warrant was not fully executed and did not contain an index number. Plaintiff alleges that the actions of the deputies resulted in a five-day involuntary hospital stay, and that he was "released on appeal on September 13, 2022, by a Judge." (*Id.*) Plaintiff also alleges that "[i]n the second half of 2022," officers of the New York City Police Department arrived at his home on three occasions without a warrant. He asserts that wellness checks turned out to be "SWAT team break-ins of the apartment door with rifles drawn." (*Id.*) He asserts that the

> Officers, knowing about that Plaintiff's telepathy, still hospitalized him, leading the Plaintiff to believe these encounters were coordinated with certain defendants

named herein to discredit his claims to being telepathic and able to receive RF
transmissions.

(*Id.*)

Plaintiff seeks $10 million in monetary damages and injunctive and declaratory relief.

A.    **Dismissal of Plaintiff's Criminal Enterprise, Conspiracy, and Racketeering Claims Against All Named Defendants as Frivolous**

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts supporting his assertion that Defendants "enjoined themselves in a criminal enterprise that furthers corruption of people and institutions and engages in organized activities that are known publicly yet have been concealed from the Plaintiff." (ECF No. 4 at 2.) Nor has Plaintiff provided any facts in support of his assertion that Defendants, "involved in racketeering activities and organized crime, have focused on a phenomenon that is of the Plaintiff, described herein as telepathy, which has through enterprise activities led to a local celebrity." (*Id.*) Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's criminal enterprise, conspiracy, and racketeering claims against all named Defendants as frivolous because they lack a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

**B.      Plaintiff's Claims against Unknown NYPD Officers and Deputy Sheriffs**

Despite the "fanciful, fantastic, or delusional" nature of Plaintiff's allegations against the named Defendants, Plaintiff does assert potentially viable claims that unknown officers of the NYPD entered his home without a warrant on three occasions, and that three unknown deputies from the Office of the Sheriff of the City of New York took him into custody and falsely imprisoned him in a hospital.

The Court construes Plaintiff's claims against the unknown NYPD officers and Sheriff's deputies as claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Plaintiff does not allege sufficient facts to support his claims against these Defendants, the Court grants Plaintiff 60 days' leave to replead **<u>solely</u>** with respect to these claims.

**C.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against the NYPD officers and Sheriff's deputies, the Court grants Plaintiff sixty day's leave to replead **solely** with respect to his claims that officers of the New York City Police Department ("NYPD") entered his home without a warrant on three occasions, and that three deputies from the Office of the Sheriff of the City of New York took him into custody and falsely imprisoned him in a hospital.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against Defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaint, any facts or claims that Plaintiff wants to include from the original and amended complaint must be repeated in the second amended complaint. Plaintiff may not, however, repeat claims that have been dismissed by this order.

## CONCLUSION

Plaintiff's criminal enterprise, conspiracy, and racketeering claims against all named Defendants are dismissed as frivolous. Plaintiff's requests for injunctive and declaratory relief are denied as moot.

Plaintiff is granted leave to file a second amended complaint, **<u>solely</u>** with respect to his claims that officers of the New York City Police Department ("NYPD") entered his home without a warrant on three occasions, and that three deputies from the Office of the Sheriff of the City of New York took him into custody and falsely imprisoned him in a hospital, that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-1828 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

11

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

 /s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

SECOND AMENDED
**COMPLAINT**

Do you want a jury trial?
□ Yes    □ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                      Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Street Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                City                State              Zip Code

_____
Telephone Number            E-mail Address

_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007